CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **STEPHEN WAYNE OLIVER, SR.,** ) | |
|     Plaintiff, ) | Civil Action No. 7:25cv00398 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **BOTETOURT-CRAIG COUNTIES** ) | By: Robert S. Ballou |
| **PUBLIC SAFETY FACILITY, et al.,** ) | United States District Judge |
|     Defendants. ) | |

Plaintiff Stephen Wayne Oliver, Sr., a Virginia pre-trial detainee acting *pro se*, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the Botetourt-Craig Counties Public Safety Facility, the Craig County General District Court and Circuit Court, and General District Court Judge David [Last Name Undecipherable]. He alleged in his complaint that he had been held without bond and without court appearance for nine days, "even though I have made aware of my legal standing Common Law" (sic). He then stated, "I have claimed all rights to my straw man and the courts do not have jurisdiction over me or the right to hold me without bail." In an extra page added to his complaint, he said he would like to include Commonwealth Attorney Matt Dunn, as well, stating that the Judge and Commonwealth Attorney were violating his right to bond, to due process, to a speedy trial, and various other rights.

In subsequent correspondence to the court, Oliver alleged that the jail personnel (specifically, Lt. Perdue) would not cooperate in providing a prisoner trust account statement for him, although he had filed one with the initial suit for the month of May, which is the only month he had been in custody prior to filing this suit. *See* ECF No. 5. A month later, Oliver wrote the court again, stating that he could not afford the $405 filing fee, but asking the court to "look into his case." He alleged that the charges against him are illegal and that he could prove his

innocence with body camera footage from the arresting deputies, May and Bryant. He again emphasized that he is being held without bond and has no preliminary hearing scheduled until October 16, 2025.

As required by 28 U.S.C. § 1915A, I have preliminarily screened Oliver's complaint. Based upon that review, I grant his motion for *in forma pauperis* status, and I will dismiss his complaint for the reasons stated below.

## I. FACTUAL BACKGROUND

According to Virginia's Online Case Information System, Oliver was arrested on December 8, 2024, on charges of possession of a schedule I or II controlled substance and distribution/possession with intent to distribute more than one ounce to less than five pounds of marijuana on certain dates in June 2024. He was also charged with possession of a schedule I or II substance on the date of his arrest, December 8, 2024. He was released on bond but failed to appear for his arraignment on December 17, 2024. A capias was issued for his failure to appear. He was arrested on that capias on May 19, 2025, and arraigned on the capias and the other three charges on June 3, 2025. This time he remained in custody, and this court received his complaint on June 13, 2025.

## II. DISCUSSION

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). A jail is not a person within the meaning of § 1983 and is not a proper defendant in such a suit. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992). Likewise, the court is not a person subject to suit under § 1983.

Judges have absolute immunity from suit for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome by allegations of bad faith, malice, or even corruption. *Id.* That Oliver believed the judge was rude and did not listen to him certainly does not overcome judicial immunity. Likewise, a prosecuting attorney has absolute immunity for actions taken in his role as a prosecutor in the judicial system. *Carter v. Burch*, 34 F.3d 257, 261 (4th Cir. 1994) (holding that prosecutor's decision to withhold exculpatory evidence was protected from suit by prosecutorial immunity).

No defendant Oliver named can be sued under § 1983. Even if they could be sued, Oliver has not stated any actionable claim. He is a pre-trial detainee on several state charges, including failure to appear on three of those charges. It is not up to the federal courts to rule on bond on his state court detention. If he has been denied bond in General District Court, he may appeal that decision to Circuit Court, and even to the Court of Appeals. The *Younger* abstention doctrine requires a federal court to abstain from exercising jurisdiction and interfering in a state criminal proceeding if there is an ongoing state proceeding, brought before the federal proceeding was brought, that implicates important state interests, and provides an adequate opportunity to raise constitutional challenges. *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). Prosecuting its own laws is always a vital state interest. Constitutional claims related to his ongoing criminal case must be presented to the state court at all available levels before the federal court can consider his claims.

To the extent he alleges that the charges against him are illegal and that he is innocent, he must complete the state court process before he can seek any remedy for malicious prosecution.[1] An essential element of a malicious prosecution claim is favorable termination of the criminal

---

[1] This claim could potentially be brought against the deputies in the future, but not against the prosecutor, jail, judge, or courts.

3

proceedings, either by a finding of "not guilty," dismissal, or even dropped charges. *Heck v. Humphreys*, 512 U.S. 477, 484 (1994). Oliver cannot state the elements of such a claim at this time; the cause of action will not arise, if at all, unless and until the state court action is favorably terminated in his favor.

### III. CONCLUSION

Because Oliver has not stated a cause of action for which relief may be granted and has filed suit against a defendant who is immune from such suit, it is hereby **ORDERED** that the complaint be **DISMISSED with prejudice**, and the matter is **STRICKEN** from the docket of this court.

The Clerk is directed to send a copy of this opinion and order to Mr. Oliver.

Enter: August 15, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge